**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 18 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WYOMING FUEL COMPANY,

Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT
OF LABOR,

Respondent.

No. 99-9526
(No. 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)
(Petition for Review)

WILLIAM ARNOLDI,

Intervenor.

**ORDER AND JUDGMENT** *

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

Petitioner Wyoming Fuel Co., the responsible operator, seeks review of the

decision of the Benefits Review Board ("Board") affirming the administrative law

judge's ("ALJ") grant of benefits to miner William Arnoldi on a duplicate claim

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

under the Black Lung Benefits Act, 30 U.S.C. §§ 901-45.[1] After finding that Arnoldi had established a material change in conditions so as to warrant review of his duplicate claim, the ALJ concluded that Arnoldi had established he was totally disabled due to pneumoconiosis arising out of his coal mine employment. On administrative review, the Board concluded that the ALJ's decision was supported by substantial evidence and was not contrary to law.

Standard of Review

We review the Board's decision "to decide whether the Board correctly concluded that the ALJ's decision is supported by substantial evidence and not contrary to law." *Northern Coal Co. v. Director, OWCP*, 100 F.3d 871, 873 (10th Cir. 1996). "[I]n deciding whether substantial evidence exists to support the ALJ's decision, the court cannot reweigh the evidence, but may only inquire into the existence of evidence to support the trier of fact." *Id.* (quotation omitted). Wyoming Fuel challenges both the ALJ's threshold determination that Arnoldi established a material change in his condition, and the ALJ's ultimate

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

determination that Arnoldi established he was totally disabled due to pneumoconiosis.

Material Change in Conditions

Once a miner has been finally denied benefits on a claim, any subsequent ("duplicate") claim will be denied on the basis of res judicata unless the miner can make a threshold showing that "there has been a material change in conditions" since the time of the earlier denial. 20 C.F.R. § 725.309(d). Arnoldi filed a claim for benefits in May 1980 and it was finally denied by the District Director in March 1981. Arnoldi filed the current claim in October 1985. In order for the ALJ to review the merits of this duplicate claim, Arnoldi first had to show a material change in conditions.

The regulations do not define what a claimant must prove to establish a material change in conditions, and the circuit courts are divided over the showing that must be made. This circuit has defined the required showing as follows:

> [I]n order to bring a duplicate claim, a claimant must prove for each element that actually was decided adversely to the claimant in the prior denial that there has been a material change in that condition since the prior claim was denied. In order to meet the claimant's threshold burden of proving material change in a particular element, the claimant need not go as far as proving that he or she now satisfies the element. Instead, . . . the claimant need show only that this element has worsened materially since the time of the prior denial.

*Wyoming Fuel Co. v. Director, OWCP*, 90 F.3d 1502, 1511 (10th Cir. 1996) (footnotes omitted).

In denying Arnoldi's first claim, the District Director stated that Arnoldi had to prove three elements to be entitled to benefits: (1) that he had pneumoconiosis, (2) that his pneumoconiosis was caused at least in part by his coal mine work, and (3) that his pneumoconiosis had caused total disability. *See* Admin. R., Dir. Ex. 30, Ltr. of 3/6/81. The District Director denied Arnoldi's claim solely on the ground that he failed to establish the third element: that his pneumoconiosis had caused total disability. Therefore, to avoid having his second claim denied on res judicata grounds, Arnoldi had to establish this element had materially worsened since March 1981.

The ALJ found that Arnoldi made the requisite showing of a material worsening in his condition. The ALJ pointed to three pieces of evidence to support this finding: (1) the new pulmonary function tests ("PFT") showed a decrease in the values obtained compared with the PFTs submitted in connection with the first claim; (2) two of the new arterial blood gas studies ("ABGS") produced qualifying values, whereas the ABGS submitted in connection with the first claim did not; and (3) the weight of new medical opinions showed that Arnoldi had a disabling pulmonary impairment, whereas the only medical opinion

submitted in connection with the first claim stated that Arnoldi had no pulmonary impairment.

Wyoming Fuel argues both that the ALJ did not apply the correct legal standards in finding a material change in Arnoldi's condition and that his decision is not supported by substantial evidence. Much of Wyoming Fuel's dispute is actually with the weight the ALJ gave to conflicting medical evidence. "It is within the sole province of the ALJ to weigh conflicting medical evidence," and we cannot reweigh that evidence. *Northern Coal Co.*, 100 F.3d at 873. We conclude that the ALJ applied the correct legal standard and that his decision on the threshold issue of material change is supported by substantial evidence. Therefore, we turn to the merits of Arnoldi's claim for benefits.

Wyoming Fuel attacks the merits of Arnoldi's claim on two broad grounds. First, it argues that the ALJ failed to provide valid reasons for his finding that Arnoldi had pneumoconiosis. Second, it argues that the ALJ failed to provide valid reasons for his finding that Arnoldi was totally disabled due to pneumoconiosis. A careful reading of Wyoming Fuel's arguments again reveals that they are founded on the operator's dissatisfaction with the way the ALJ weighed the medical evidence. The ALJ fully explained why he credited certain evidence over other evidence and how he reached the conclusion that Arnoldi suffered from pneumoconiosis that was totally disabling. Wyoming Fuel simply

disagrees with the reasons the ALJ gave for weighing the conflicting evidence as he did. As the Board correctly concluded, however, the reasons advanced by the ALJ were legally proper and they were supported by substantial evidence.

The Decision and Order of the Benefits Review Board is AFFIRMED.


Entered for the Court


Stephen H. Anderson
Circuit Judge